THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Ste. 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: cameron@sethatlaw.com

Attorney for Plaintiffs, Neftali Monzon, as Personal Representative of the Estate of Junef Ragadio Monzon and individually, Marylou Monzon, as Personal Representative of the Estate of Junef Ragadio Monzon and individually; Jerrico Reyes, an individual.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONZON, as Personal Representative of the Estate of JUNEF RAGADIO MONZON and individually; MARYLOU MONZON, as Personal Representative of the Estate of JUNEF RAGADIO MONZON and individually; JERRICO REYES, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MURRIETA, a governmental entity; SCOTT MONTEZ, individually; CHRIS ZELTNER, individually; KYLE MIKOWSKI, individually; ZACH BRADLEY, individually AND BLAKE WILLIAMS, individually, and DOES 1 through 10,<br><br>Defendants. | Case No.: **2:17-cv-13712**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Unreasonable Search and Seizure- Excessive Force & Denial of Medical Care (42 U.S.C. §1983)**<br><br>2. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br><br>3. **Battery (State)**<br><br>4. **Negligence (State)**<br><br>5. **Failure to Train (42 U.S.C. § 1983)**<br><br>6. **Violation of Bane Act (Cal. Civ. Code §52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs Neftali Monzon, Marylou Monzon, and Jerrico Reyes, for their complaint against Defendants City of Murrieta, Scott Montez, Chris Zeltner, Kyle Mikowski, Zach Bradley, And Blake Williams and DOES 1 through 10, and alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the October 22, 2016 encounter between Defendants, City of Murrieta, DOES 1 through 10 and Plaintiffs.

## PARTIES

2. At all relevant times, Plaintiff Neftali Monzon, is the father and successor-in-interest to, Neftali Ragadio Monzon, hereinafter referred to as "MONZON" or "Decedent". Neftali Monzon is also acting in the capacity of a personal representative of the estate of Neftali Ragadio Monzon. Plaintiff was a resident of the County of Riverside, California.

3. At all relevant times, Plaintiff Marylou Monzon, is the mother and successor-in-interest to Neftali Ragadio Monzon, the decedent. Marylou Monzon is also acting in the capacity of a personal representative of the estate of Neftali Ragadio Monzon. Plaintiff was a resident of the County of Riverside, California.

4. At all relevant times, Jerrico Reyes, ("REYES") was a resident of the County of Riverside, California.

5. At all relevant times, Defendant City of Murrieta ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants Scott Montez ("MONTEZ"), Chris Zeltner ("ZELTNER"), Kyle Mikowski ("MIKOWSKI"), Zach Bradley ("BRADLEY"), Blake Williams ("WILLIAMS") and DOES 1 through 5 ("DOE OFFICERS"), who were CITY Police Officers, and

DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department.

6. At all relevant times, Defendants DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as Police Officers and with the complete authority and ratification of their principal, Defendant CITY.

7. At all times relevant, Defendants Scott Montez, Chris Zeltner, Kyle Mikowski, Zach Bradley, and Blake Williams, and DOE OFFICERS, and DOE SUPERVISORS were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

8. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

9. The true names of defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS, and DOE SUPERVISORS were acting on the implied and actual permission and consent of CITY.

**JURISDICTION AND VENUE**

11. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, as well as

by California state laws. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiffs and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Lake Elsinore, County of Riverside, within the Central District of California.

13. Pursuant to California Government Code § 910 et seq., a government Tort Claim was forwarded to the City of Murietta on November 7, 2016. This tort claim was deemed denied by operation of law since the City of Murrieta failed to respond within 45 days of the claim submission per G.C. 912.6 (a). Accordingly, Plaintiffs filed the present lawsuit.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. On or about October 22, 2016, MONZON was on his way to pick up REYES from a motel in Orange County. Shortly after MONZON picked up REYES, they began travelling, by car, toward south Riverside County.

16. While on the southbound "15" freeway, a police vehicle turns his lights on and attempts to pull over MONZON's vehicle. However, for reasons unknown to REYES, MONZON failed to pull over. After a short pursuit lasting 5-6 miles, MONZON exits the freeway and ends up near a cul-de-sac in the block of 32500 Mesa Dr., Lake Elsinore.

17. MONZON, who was driving a minivan, is now followed by several police vehicles, including that of officers MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, and WILLIAMS. Upon reaching the end of the cul-de-sac, MONZON turns around and is facing several police cruisers. He attempts to graze by the vehicles but ends up side swiping one of them.

18. As soon as the side swipe takes place, REYES, who is sitting in the passenger seat behind MONZON's driver seat, hears one commands to "Stop and kill the engine". Approximately a second after he hears that command to stop the vehicle, MONZON raises his hands, immediately followed by REYES raising his hands, in a uniform gesture of surrender; however, immediately after MONZON and REYES had raised their hands, defendants MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS fire off approximately some 8 to 13 rounds at MONZON and REYES, who still have their hands raised upward.

19. As a result of the shooting, MONZON appears to get shot, and falls to his left, with his upper torso hanging through the driver side window pane. REYES then observes a K9 dog approach and began to bite down on MONZON's left arm, after he was clearly shot and incapacitated. The K9 clutched onto his arm for a period of time before its handler retrieved the dog.

20. As a result of the shooting, REYES injures his left hand but survives. However, as a result of inflicted gunshot wounds, MONZON is pronounced dead at the hospital.

21. At the time of the shooting, both MONZON and REYES were unarmed and had completely surrendered; at the time of the shooting, neither REYES nor MONZON posed a threat to anyone as they were attempting to comply with all the Defendants commands to surrender.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure-
Excessive Force & Denial of Medical Care (42 U.S.C. § 1983)
(Against Defendants MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 )**

22. Plaintiffs repeat and re-allege each and every allegation in paragraphs 2-4, and 14 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23. The unreasonable use of force by MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5, including shooting their firearms at MONZON and REYES, deprived them of his right to be secure in their person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

24. MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 unreasonably delayed and denied medical assistance for MONZON and REYES.

25. All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the shooting, therefore rendering the aforementioned defendants liable under an excessive escalation theory.

26. MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

27. As a result, MONZON suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

28. As a result, REYES suffered extreme pain and suffering, and incurred medical expenses.

29. The conduct of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for MONZON and REYES' rights and safety and therefore warrants the imposition of exemplary and punitive damages.

30. Plaintiffs Marylou and Neftali Monzon seek survival damages under this claim as successors-in-interest to Decedent.

31. Plaintiff REYES seeks general and compensatory damages under this claim.

## **SECOND CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom/Policy/Practice (42 U.S.C. § 1983)
(Against Defendants CITY and DOES 6-10)**

32. Plaintiffs repeat and re-allege each and every allegation in paragraphs 2-4, and 14 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33. On and for some time prior to October 22, 2016 (and continuing to the present date) Defendants CITY and DOES 6-10 also referred to as DOE SUPERVISORS, deprived Plaintiffs and MONZON of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs and MONZON, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

(a) Employing and retaining as Police Officers and other personnel, including Defendants MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and for using excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including Defendants DOES 1-5, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-5, who are CITY Police Officers;

(d) By having and maintaining an unconstitutional custom and practice of using excessive force, and covering up police misconduct. These customs and practices by CITY and DOE SUPERVISORS were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff.

34. By reason of the aforementioned policies and practices of Defendants CITY and DOE SUPERVISORS, Plaintiffs have suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

35. Defendants CITY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

36. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendants CITY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

37. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOE SUPERVISORS

were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

38. Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiff REYES for compensatory damages under 42 U.S.C. § 1983, and to Plaintiffs Marylou and Neftali Monzon for survival damages.

**THIRD CLAIM FOR RELIEF**
**BATTERY**
**(Against CITY, MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and Does 1-5)**

39. Plaintiffs hereby repeat, re-state, and incorporate each and every allegation in paragraphs 2-4, and 14 through 21 of this Complaint with the same force and effect as if fully set forth herein.

40. MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against Decedent and REYES, including but not limited to shooting them with multiple handguns. MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 had no legal justification for using force against Decedent and REYES, and their use of force while carrying out their police duties was unreasonable.

41. Decedent suffered harm and died, and Plaintiffs suffered harm, as a direct and proximate result of the conduct of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 as alleged above.

42. CITY is vicariously liable for the wrongful acts of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

43.     The conducts of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Plaintiff to an award of exemplary and punitive damages.

44.     Plaintiffs Marylou and Neftali Monzon seek wrongful death damages in their individual capacities, and survival damages as successors-in-interest to Decedent under this claim. Plaintiff REYES seeks general and special damages under this claim .

## FOURTH CLAIM FOR RELIEF
### NEGLIGENCE
(Against Defendants CITY, MONTEZ, ZELTNER, MIKOWSKI, BRADLEY,WILLIAMS and Does 1-5)

45.     Plaintiffs hereby repeat, re-state, and incorporate each and every allegation in paragraphs 2-4, and 14 through 21 of this Complaint with the same force and effect as if fully set forth herein.

46.     The actions and inactions of CITY employees, including MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against Decedent and REYES; (b) the failure to monitor and record any use of force by CITY Police Officers, including MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5; (c) the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5; (d) the negligent tactics and handling of the incident; (e) the negligent detention, arrest, and use of force against Decedent and REYES; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Decedent and REYES' rights; (g) the

negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident.

47. Decedent suffered harm and died, and Plaintiffs suffered harm, as a direct and proximate result of CITY employees' conduct as alleged above.

48. CITY is vicariously liable for the wrongful acts of its employees, including MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

49. The conduct of CITY employees, including MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, and Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

50. Plaintiffs Marylou and Neftali Monzon seek wrongful death damages in their individual capacities, and survival damages as successors-in-interest to Decedent under this claim. Plaintiff REYES seeks general and special damages under this claim.

## FIFTH CLAIM FOR RELIEF

**(Failure to Train  (42 U.S.C. § 1983)
(Against Defendant CITY and Does 6 through 10)**

51. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 2-4 and 14 through 50 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

52. Defendants CITY and DOES 6-10 also referred to as DOE SUPERVISORS possessed the power and authority to hire, train and fire employees of the CITY Police Department and based upon information and belief and negligently hired and trained MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 as police officers, entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

53. By virtue of the foregoing, defendants owed Plaintiff a duty of due care, and that duty was breached by defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things: a) Failing to adequately train its officers in the use of force, as well as constitutional limitations in the use of force; b) Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not; c) Failing to adequately investigate background, training and experience as a officer and his propensity for violence; d) Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration; e) Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its officers; f) Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers; g) Failing to discipline its officers who use excessive and unreasonable force; and; h) Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty. f) As a direct and proximate cause of the aforementioned acts of defendants, plaintiff was injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

54. By reason of the aforementioned policies and practices of Defendants CITY and DOES 6 through 10, inclusive, Plaintiffs Marylou and Neftali Monzon seek survival damages as successors-in-interest to Decedent under this claim. Plaintiff REYES seeks general and special damages under this claim

### SIXTH CLAIM FOR RELIEF
**Violation of Bane Act (Cal. Civ. Code § 52.1)**
**(By Plaintiffs Against MONTEZ, ZELTNER,**
**MIKOWSKI, BRADLEY, WILLIAMS, and DOES 1-5)**

55. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 2-4 and 14 through 54 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

56. MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 attempted to interfere with and did interfere with the rights of Decedent and REYES' of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

57. Decedent and REYES reasonably believed that if they exercised their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 would commit violence against them.

58. MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 injured Decedent and REYES to prevent him from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against him for having exercised their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

59. The conduct of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 was a substantial factor in causing harm to both REYES and Decedent.

60. CITY is vicariously liable for the wrongful acts of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. The conduct of MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

62. Plaintiffs Marylou and Neftali Monzon seek survival damages under this claim as a successor-in-interest to Decedent. They also seek wrongful death damages in their individual capacities. Plaintiff REYES seeks general and special damages under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY, MONTEZ, ZELTNER, MIKOWSKI, BRADLEY, WILLIAMS, and DOES 1 through 10, inclusive, as follows:

1. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial in excess of $10 million;
2. For punitive damages against the individual defendants in an amount to be proven at trial;
3. For interest;
4. For reasonable costs of this suit and attorneys' fees; and

5. For such further other relief as the Court may deem just, proper, and appropriate.

DATE: February 20, 2017      THE SEHAT LAW FIRM, PLC


By: */s/ Cameron Sehat*
   Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

DATE: February 20, 2017        THE SEHAT LAW FIRM, PLC


                               By: */s/ Cameron Sehat*
                                   Attorney for Plaintiffs