**O**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEFTALI MONZON, as Personal Representative of the Estate of JUNEF RAGADIO MONZON and individually; MARYLOU MONZON, as Personal Representative of the Estate of JUNEF RAGADIO MONZON and individually; JERRICO REYES, individually,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF MURRIETA, a governmental entity; SCOTT MONTEZ, individually; CHRIS ZELTNER, individually; KYLE MIKOWSKI, individually; ZACH BRADLEY, individually; and BLAKE WILLIAMS, individually, and DOES 1 through 10,<br><br>　　　　　Defendants, | Case No. 2:17-cv-01371 ODW (SKx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT [20]** |

## I. INTRODUCTION

This case arises from the fatal shooting of Junef R. Monzon ("Decedent") by City of Murrieta ("City") police officers. (*See generally* Compl., ECF No. 1.) Junef's parents, Plaintiffs Neftali Monzon and Marylou Monzon, filed suit individually and as successors in interest of their son against City police officers Scott Montez, Chris Zeltner, Kyle Mikowski, Zack Bradley, Blake Williams, and Does 1 through 10 and seek wrongful death and survival damages under federal and state law. (*Id.*) Plaintiff Jerrico Reyes, who was present and injured at the scene of the shooting, has also individually asserted the same federal and state law claims against the Defendants and seeks general, compensatory, and special damages under federal and state law. (*Id.*)

The complaint advances six causes of action: (1) unlawful seizure, excessive force, and denial of medical care in violation of 42 U.S.C. § 1983; (2) municipal liability for unconstitutional custom, practice, or policy in violation of 42 U.S.C. § 1983; (3) battery; (4) negligence; (5) failure to train in violation of 42 U.S.C. § 1983; and (6) violation of California Civil Code section 52.1 ("the Bane Act").

Defendants move to dismiss claims four, five, and six pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court **DENIES** Defendant's Motion. (ECF No. 20.)

## II. FACTUAL BACKGROUND

On October 22, 2016, City police officers fatally shot Decedent following a vehicle pursuit in which the Decedent fled pursuing officers for several miles. (Compl. ¶¶ 15–20.)

Prior to the shooting, Decedent picked up Reyes from a motel in Orange County and then headed southbound on the 15 freeway toward Riverside County. (*Id*.) During this time, City police officers attempted to pull over Reyes and Decedent; however, they fled officers for 5 to 6 miles until they reached a dead-end street. (*Id.*) The Decedent then turned his vehicle so it was facing the police and, in

attempting to flee the scene, collided with a police cruiser. (*Id.*) Officers then commanded Decedent and Reyes to "stop and kill the engine." (*Id.*) Decedent and Reyes then raised their hands "in a uniform gesture of surrender," but officers fired approximately 8 to 13 rounds, injuring Reyes's left hand and fatally injuring Decedent. (*Id.*) Plaintiffs allege that at the time of the shooting, Decedent and Reyes were unarmed, had completely surrendered, and did not otherwise pose a threat to anyone, since they were attempting to comply with officers' commands to surrender. (*Id.* ¶ 21.)

On May 8, 2017, Defendants filed a Motion to Dismiss claims four, five, and six of Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).[1]

### III. LEGAL STANDARD

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual allegations "must be enough to raise a right to relief above the speculative level . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the plaintiff. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint for failure to state a claim on the grounds that (1) Plaintiffs' third and fourth causes of action for battery and negligence, respectively, do not plead facts establishing a statutory basis for liability and the City is statutorily immune from *direct* tort liability absent a separate statutory basis apart from the provisions for California Government Code section 815.2; (2) Plaintiffs' fourth cause of action for negligence pleads only conclusory allegations without sufficient factual basis; and (3) Plaintiffs' sixth cause of action seeking wrongful death and survival damages as successors in interest under the Bane Act, California Civil Code section 52.1, can only be brought by the aggrieved party as a personal cause of action. (*See generally* Mot.)

### A. Statutory Basis for Battery and Negligence Liability

Plaintiffs' third and fourth causes of action seek to hold Defendants City of Murrieta, Officers Montez, Zeltner, Mikowski, Bradley, Williams, and Does 1–5 liable for the California common law torts of battery and negligence, respectively.

(Compl. ¶¶ 39–50.) Defendants move to dismiss these causes of action against the City. (Mot. 6.)

California's Tort Claims Act provides that public entities are not liable for injuries "[e]xcept as otherwise provided by statute." Cal. Gov. Code § 815(a). As such, Defendants are correct in that a claim of *direct* liability against a public entity for negligence or battery must be based on a specific statute creating a duty of care rather than on the general tort provisions of California Civil Code section 1714. *See Eastburn v. Reg'l Fire Protection Auth.*, 31 Cal. 4th 1175, 1182 (2003).

However, public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment . . . ." Cal. Gov. Code § 815.2(a). A public employee is liable for injury to the same extent as a private person "except as otherwise provided by statute." Cal. Gov. Code § 820(a). "Thus, the general rule is that public entities are generally liable for the torts of their employees to the same extent as private employers." *State ex rel. Dep't of Cal. Highway Patrol v. Super. Ct.*, 60 Cal. 4th 1002, 1009 (2015). Therefore, in lieu of direct liability, section 815.2(a) provides for vicarious liability against public entities.

Here, Plaintiffs do not attempt to impose direct liability on the City; rather, the direct allegations of battery and negligence are against the employees of the City. The Plaintiffs instead are suing the City *indirectly* in clearly alleging under section 815.2 that the City is only vicariously liable for the actions and inactions of its employees. (Compl. ¶¶ 42–48.) Thus, the Tort Claims Act is not a bar to the city's liability in this context. Therefore, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiffs' third and fourth causes of action.

**B.  Factual Allegations Supporting Negligence Claim**

Plaintiffs' fourth cause of action seeks to hold defendants Montez, Zeltner, Mikowski, Bradley, Williams and Does 1–5 liable under a general negligence theory

for their alleged negligent actions and inactions. (Compl. ¶ 46.) Defendants again move to dismiss the negligence claim, only this time on the ground that Plaintiffs' allegations are conclusory and thus insufficiently based in fact. (Mot. 2.)

"To support a claim of negligent wrongful death against law enforcement officers, a plaintiff must establish the standard elements of negligence: defendants owed a duty of care; defendants breached their duty; and defendants' breach caused plaintiff's injury." *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1231 (9th Cir. 2013). "The California Supreme Court has held that 'an officer's lack of due care can give rise to negligence liability for the intentional shooting death of a suspect,' and that 'police officers have a duty to use reasonable care in employing deadly force.'" *Id.* at 1232 (quoting *Munoz v. Olin*, 24 Cal. 3d 629, 634 (1979)). A Fourth Amendment violation generally "suffices to establish the breach of a duty of care under California law . . . ." *Young v. Cnty. of L.A.*, 655 F.3d 1156, 1170 (9th Cir. 2011) (reversing the district court's dismissal of a negligence claim predicated on excessive force).

The Complaint alleges that just prior to the shooting, Decedent and Reyes were unarmed, attempted to comply with police orders, and had raised their hands in a "uniform gesture of surrender." (Compl. ¶ 18.) Officers then fired approximately 8 to 13 rounds at Decedent and Reyes. (*Id.*) The Complaint also makes clear that Decedent's death and Reyes's injury were proximately and directly caused by the conduct of Defendants Montez, Zeltner, Mikowski, Bradley, Williams, and Does 1–5. (*Id.* ¶ 47.)

Plaintiffs have alleged a Fourth Amendment violation concerning excessive force in their first cause of action, which Defendants have not moved to dismiss. (*See* Compl. ¶¶ 22-31.) The Complaint also clearly alleges negligent use of force within the negligence cause of action. (*Id.* ¶ 46.) *See Munoz v. City of Union City,* 120 Cal. App. 4th 1077, 1108–1109 (2004) (applying Fourth Amendment reasonableness standard to claim that officer was negligent in using excessive force). Because this

alleged Fourth Amendment violation also suffices to establish the breach of a duty of care under California law, there is sufficient basis to support a negligence claim. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiffs' fourth cause of action on this ground.

**C.     Survival Damages Under California Civil Code Section 52.1 ("Bane Act")**

In their sixth cause of action, Plaintiffs Neftali and Marylou Monzon seek survival damages as successors in interest to their son, Decedent Junef Monzon, based upon their claim that Defendants violated Decedent's rights under California Civil Code section 52.1 by interfering with his exercise of various rights secured by the Constitution. (Compl. ¶¶ 56, 62.) In addition, they seek wrongful death damages in their individual capacities under the Bane Act. (*Id.*) Defendants argue that the Monzons' Bane Act claim should be dismissed because a Bane Act cause of action may only be asserted by the aggrieved party. (Mot. 7-8.) Defendants rely on *Bay Area Rapid Transit Dist. v. Super. Ct. of Alameda Cnty.*, 38 Cal. App. 4th 141 (1995) ("*BART*") to support their argument. (*Id.*)

The Bane Act provides that a person may bring a cause of action "in his or her own name and on his or her own behalf" against anyone who "interferes by threat, intimidation, or coercion, with the exercise or enjoyment" of any constitutional or statutory right. Cal. Civ. Code § 52.1. However, under California law, a cause of action is not lost when the decedent dies, but can be brought by the decedent's successor in interest. Cal. Code Civ. Proc. §§ 377.20–377.30.

Defendants base their contention, in part, upon a misreading of the Complaint and a misreading of *BART*. In *BART*, the court dismissed a Bane Act claim brought by the parents of a victim of a police shooting based on the officer's alleged interference with their "constitutional right to parent," holding that the statute does not provide for "derivative liability for persons not present and not witnessing the actionable conduct." *BART*, 38 Cal. App. 4th at 144. The court held that "the Bane

Act is simply not a wrongful death provision. It clearly provides for a *personal* cause of action for the victim of a hate crime." *Id.*

Moreover, the court did not analyze whether Bane Act claims of a decedent survive the death of the decedent pursuant to California Code section 377.20. The holding in *BART* is thus limited to whether a parent can bring a Bane Act claim on the theory that their own constitutional rights have been violated, not those of the decedent. Here, by contrast, Plaintiffs allege that Defendants' actions interfered with Decedent's constitutional rights, not their own. (*See* Compl. ¶¶ 56, 57, 62.) Plaintiffs Neftali and Marylou Monzon, as successors in interest, have asserted a claim on *behalf* of their son, as permitted by California Civil Code section 52.1(b).

The Decedent's Bane Act claim survived his death pursuant to California Civil Code section 377.20 and passed to his successors in interest pursuant to California Civil Code section 377.30. *See Estate of Crawley v. Kings Co.*, No. 1:13–cv–02042–LJO–SAB, 2014 WL 2174848, at *12 (E.D. Cal. May 23, 2014) (holding that a successor in interest may bring a survival claim for a violation of section 52.1 pursuant to California Civil Procedure Code section 377.20). Accordingly, Plaintiffs' claim as successors in interest to Decedent under California Civil Code section 52.1 is proper.

However, the Court agrees with Defendants that Plaintiffs Neftali and Marylou Monzon may not seek wrongful death damages in their individual capacities under the Bane Act. (Compl. ¶ 62). The Bane Act is not a wrongful death provision and its application is limited to plaintiffs who themselves have been the subject of violence or threats. Therefore, the Court strikes Plaintiffs Neftali and Marylou Monzon's theory for wrongful death damages in their individual capacities under the Bane Act but allows their claim for survival damages as successors in interest to Decedent to stand.

Thus, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiffs' Bane Act claim.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety. (ECF No. 20.)

**IT IS SO ORDERED.**

August 18, 2017

_____
        **OTIS D. WRIGHT, II**
  **UNITED STATES DISTRICT JUDGE**